EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | Certiorari |
| --- | --- |
| Recurrido | |
| | 2016 TSPR 70 |
| v. | |
| | 195 DPR ____ |
| Nelson De Jesús Nieves | |
| Peticionario | |

Número del Caso: CC-2016-380

Fecha: 19 de abril de 2016

Tribunal de Apelaciones:

      Región Judicial de Arecibo, Guayama Panel XII

Abogado de la Parte Peticionaria:

      Lcdo. Elmer Rodríguez Berríos

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

Materia: Resolución del Tribunal con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

       v.

Nelson De Jesús Nieves

     Peticionario

CC-2016-0380

*RESOLUCIÓN*

En San Juan, Puerto Rico, a 19 de abril de 2016.

Examinada la *Petición de Certiorari* y la *Moción Urgente Solicitando Paralización de Procedimientos en Auxilio de la Jurisdicción de este Honorable Tribunal*, se provee no ha lugar a ambas.

Notifíquese inmediatamente por teléfono y correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto particular disidente al cual se une la Jueza Presidenta Oronoz Rodríguez. La Jueza Asociada señora Pabón Charneco no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

Recurrido

v.                              CC-2016-380        Certiorari

Nelson De Jesús Nieves

Peticionario

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se une la Jueza Presidenta ORONOZ RODRÍGUEZ

San Juan, Puerto Rico, a 19 de abril de 2016.

Ante la innegable realidad de que el caso de epígrafe presenta un escenario jurídico que requería ser atendido y examinado con la mayor premura, por la magnitud de las consecuencias que acarrea, disiento de la determinación que hoy toma una Mayoría de este Tribunal. Contrario a lo dictaminado, considero que este caso ameritaba la oportuna intervención de este Tribunal, toda vez que nos enfrenta a una controversia que pone al descubierto un disloque indeseable, pero real, que existe entre el más reciente Código Penal de Puerto Rico, 33 LPRA sec. 5001 *et seq.*, y la Ley de Menores, Ley Núm. 88 de 9 de julio de

1986, 34 LPRA sec. 2201 *et seq.*, en cuanto a las circunstancias que privan de jurisdicción al Tribunal de Primera Instancia, Sala de Asuntos de Menores (Tribunal de Menores). Ello, ciertamente requiere el ejercicio del poder legislativo para atemperar la Ley de Menores a las disposiciones que en la actualidad rigen nuestro ordenamiento en materia de derecho penal sustantivo. Ese deber no puede ser sustituido por la Rama Judicial. En consecuencia, lo que sí es deber de este Tribunal es garantizar los derechos de la parte peticionaria.

Específicamente, el Art. 4 de la Ley de Menores, el cual establece los parámetros que privan de jurisdicción al Tribunal de Menores, continúa haciendo referencia al asesinato en primer grado, según tipificado en los códigos penales derogados, y no a las más recientes enmiendas que sufrió el Código Penal de 2012, en cuanto al delito de asesinato en primer grado se refiere. *Véase* 34 LPRA sec. 2204. En lo pertinente, el Art. 4 de la Ley de Menores dispone que el Tribunal de Menores no tendrá jurisdicción para atender:

> (a) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad la comisión de hechos constitutivos de asesinato en primer grado **según definido en el inciso (a) de la sec. 4734 del Título 33.**

> (b) Todo caso en que se impute a un menor que hubiere cumplido quince (15) años de edad hechos constitutivos de delito que surjan de la misma transacción o evento constitutivo de asesinato en primer grado **según definido en el inciso (a) de la sec. 4734 del Título 33.** Íd. (Énfasis suplido).

Nótese que el referido artículo alude al Art. 106 del Código Penal de 2004, el cual definía el asesinato en primer grado como "[t]odo asesinato perpetrado por medio de veneno, acecho o tortura, o con **premeditación**". 33 LPRA sec. 4734(a). (Énfasis suplido). Adviértase, a su vez, que el Código Penal de 2012 mantuvo inalterado el elemento de premeditación al delimitar lo que constituía el asesinato en primer grado.

Ahora bien, las enmiendas efectuadas al Código Penal de 2012, en virtud de la Ley Núm. 246-2014, sustituyeron el elemento de premeditación por los elementos de "*a propósito*" y "*con conocimiento*". Por tanto, existe un evidente desfase con lo establecido en el Art. 4 de la Ley de Menores. *Véase* 33 LPRA sec. 5142(a). Específicamente, el Art. 93(a) del más reciente Código Penal tipifica el asesinato en primer grado como "[t]odo asesinato perpetrado por medio de veneno, acecho, tortura, o **a propósito** o **con conocimiento**". Íd. (Énfasis suplido).

## II

En este caso, al peticionario, menor de edad, se le imputó cometer el asesinato en primer grado, según tipificado en el precitado Art. 93(a) del actual Código Penal. En consecuencia, se privó de jurisdicción al Tribunal de Menores para atender su caso. No obstante, y a la luz de los preceptos expuestos, la conducta que se le atribuye al peticionario, por motivo del disloque que existe entre el más reciente Código Penal y la Ley de Menores, no está enumerada expresamente entre aquellas que privan de jurisdicción al Tribunal de Menores. En otras palabras, una

de las condiciones esenciales que conforme al Art. 4 de la Ley de Menores priva de jurisdicción al Tribunal de Menores -es decir, la premeditación- no está contemplado dentro de la más reciente tipificación del asesinato en primer grado, según se le atribuye al peticionario. Sin duda, dicha realidad tiene el peligroso efecto de incidir irremediablemente en los derechos y protecciones que a éste le amparan, incluyendo, claro está, el foro adecuado en el cual le corresponde ser juzgado.

**III**

En virtud de lo enunciado, disiento del dictamen emitido por una Mayoría de este Tribunal. En su lugar, y ante la etapa procesal en que se encuentra este caso, paralizaría los procedimientos ante el Tribunal de Primera Instancia y emitiría una orden a la Oficina de la Procuradora General para que en un término perentorio de 5 días muestre causa por la cual este Tribunal no debe revocar la Resolución emitida por el Tribunal de Apelaciones.

Las consecuencias jurídicas que acarrea este caso -tratándose de una materia tan fundamental como lo es la privación de jurisdicción al Tribunal de Menores- así lo ameritaban y exigían. Por el contrario, una Mayoría optó por proveer no ha lugar al recurso presentado por el peticionario. Habida cuenta de que no puedo avalar un curso de acción que hace abstracción del claro desfase existente entre el actual Código Penal y la Ley de Menores y, más aún,

obvia las consecuencias particulares que ello acarrea para el peticionario, disiento.


                                    Luis F. Estrella Martínez
                                        Juez Asociado